## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

1.        Your affiant, Task Force Officer Michael Kim, hereby informs the Court that he is a

commissioned peace officer with the Commerce City, Colorado, Police Department, and is currently

assigned as a task force officer with the FBI Rocky Mountain Safe Streets Task Force ("RMSSTF").

Your affiant is responsible for investigating violent crimes in the Denver metropolitan area,

including bank robberies. Your affiant has been a police officer in Colorado for over sixteen years

and has training and experience in the investigation of property crimes, financial crimes, and violent

crimes. The information contained in this affidavit is based upon information compiled from

personal involvement, witness/victim interviews, fellow law enforcement officers, informants and by

reading official police reports.

2.        This affidavit is being submitted in support of a criminal complaint and affidavit

charging Jerome Bravo with a violation of Title 18, United States Code, Section 922(g)(1), Felon in

Possession of a F-irearm.  Due to the limited purpose of this affidavit, your affiant has not included

each and every fact known concerning this investigation, although, to the best of his information,

knowledge and belief, your affiant has not omitted any material fact that undermines the statements

and conclusions herein. Your affiant has set forth only the facts your affiant believes are necessary to

establish probable cause to show that Jerome Bravo committed the crimes related to Title 18, United

States Code, Section 922(g)(1), Felon in Possession of a Firearm.

## INVESTIGATION

3.        The United States, including the Federal Bureau of Investigation, is conducting a

criminal investigation into violations of 18 U.S.C. §§ 2113, 924(c), and 922(g)(1). The current

investigation involves a pattern of violent, armed "take-over" bank robberies wherein yet-

unidentified suspects enter the banks, hold occupants at gunpoint, and force employees to empty

their currency drawers.  The suspects are also suspected of committing two armed carjackings prior to two of the bank robberies.  As of the writing of this affidavit, ten robberies and two carjackings occurring throughout the Denver metropolitan area have been positively identified as part of this pattern.  This first robbery in the pattern as outlined herein occurred on January 6, 2021. The most recent robberies in the pattern occurred on March 31, 2021.

4.     Through extensive and extended investigation, your affiant identified Jerome Bravo as a suspect in this case.  Several of the robberies in the aforementioned pattern occurred in the City and County of Denver, Colorado.  On April 7, 2021, your affiant sought and obtained a warrant for Bravo's arrest.  The warrant was issued by the Denver County Court and was signed by the Hon. Judge Judith Smith.

5.     On April 12, RMSSTF investigators conducted lengthy covert visual surveillance of Bravo.  They first observed Bravo in the parking lot of the Pembroke on the Greens Apartments, 10700 East Dartmouth Avenue, as he appeared to be cleaning out a gray Dodge Charger. Investigators had observed Bravo driving this car on multiple occasions in the days prior.  RMSSTF investigators observed as Bravo entered the driver's seat of the charger and drove to a carwash in the vicinity.  Bravo exited the vehicle and washed it for several minutes before re-entering the driver's seat.

6.     RMSSTF investigators then observed Bravo drive back to the parking lot of the apartments on Dartmouth.  They observed Bravo exit the driver's seat of the vehicle again and begin to move items from the trunk to the passenger compartment and vice versa.  While RMSSTF investigators observed this activity, they summoned via radio officers with the Denver Police Department (DPD), who were staged in the area.  Within minutes of investigators watching Bravo exit the driver's seat, DPD officers arrived and attempted to apprehend Bravo as he stood next to the

car.  Bravo attempted to flee from arresting officers and eventually had to be subdued with a police

canine.

7.      Immediately upon his arrest, investigators observed a Glock semi-automatic handgun

in plain view atop the driver's seat.  While a serial number or caliber designation was not visible, it

was equipped with an aftermarket "ZEV" slide, a red dot sight, and an extended magazine.  Your

affiant knows from his training and experience as a police officer assigned to a tactical team that

ZEV is a manufacturer of aftermarket slides, barrels, and parts that are marketed to precision

marksmanship consumers; thus, your affiant believes that probable cause exists to believe the gun is

a functioning firearm as opposed to an airsoft pellet pistol or similar non-firearm replica.  The

firearm (pictured below) was left in place, and the vehicle was secured and impounded pending

issuance of a search warrant:



8.      Immediately upon Bravo's arrest, your affiant sought and was granted a search warrant for Bravo's apartment that he shares with his wife, C.G.  The warrant was issued by the United States District Court for the District of Colorado and was issued by the Hon. Magistrate Judge Scott T. Varholak.  It was executed immediately upon signing.  During the subsequent search, investigators located a .380 caliber Smith & Wesson Bodyguard handgun, bearing serial number EAP19AG, stuffed in the seat cushions of the living room couch.  C.G. arrived soon thereafter, accompanied by her several children.  She confirmed that Bravo lived at the location and denied any knowledge of the firearm found in the couch.

9.      Your affiant knows that neither Smith & Wesson nor Glock manufacture any firearms in the State of Colorado.  Therefore, probable cause exists to believe that each gun mentioned herein affected or traveled in interstate commerce.

10.     Your affiant researched Jerome Bravo's criminal history and discovered that he has been convicted of multiple felonies in the state of Colorado punishable by greater than one-year imprisonment. Specifically, on or about February 21, 2008, the defendant was previously convicted in case 07CR5618 in Denver District Court of Robbery, in violation of CRS § 18-4-301, and sentenced to 5 years in the Colorado Department of Corrections.  Further, on or about February 19, 2008, the defendant was previously convicted in case 07CR2656 in Adams County District Court of Robbery, in violation of CRS § 18-4-301, and sentenced to 5 years in the Colorado Department of Corrections.

11.     Based on the foregoing, your affiant believes that probable cause exists that on or about April 12, 2021, in the State and District of Colorado, Jerome Bravo did commit violations of Title 18, United States Code, Section 922(g)(1), Felon in Possession of a Firearm.

12.     The foregoing is true and correct to the best of my knowledge, information and belief.

4

_s/Michael Kim_
Task Force Officer, FBI Denver

Sworn to before me this ___13th___ day of __April_____, 2021.

_____
United States Magistrate Judge

**Affidavit reviewed and submitted by Assistant United States Attorney Brian Dunn.**