IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00226-DDD-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    **JEROME BRAVO,** and
2.    JONATHAN GULLETTE.

        Defendants.

___

**UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE**
___

Defendant Jerome Bravo, through undersigned counsel and unopposed by the government, moves this Court to vacate the current trial date of August 16, 2021, exclude 120 days under the Speedy Trial Act, and continue disclosure and motions filing deadlines for 120 days from the current deadlines. In support, counsel states:

### INTRODUCTION

**(1)**    Mr. Bravo is charged with violating 18 U.S.C. §1951, Count 1, violating 18 U.S.C. §924(c), Counts 2, 5, and 10, violating 18 U.S.C. §2113, Counts 4, 6 through 9, and 11 through 14, and violating 18 U.S.C. §922(g)(1), Count 15. Docket Entry Number ("DE") 1.

**(2)**    The government provided undersigned with discovery on July 22, 2021. Defense counsel has not had an opportunity to review that discovery or discuss the case with Mr. Bravo in any meaningful way (including potential pretrial motions and defense strategy).

**(3)**    Mr. Bravo is currently being detained at the GEO Aurora Detention Center.

**(4)**    The parties have conferred, and the government does not oppose this motion.

## LAW

**(5)**     This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(i).  In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

**(6)**     In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

**(7)** This Court should exclude 120 days from the speedy trial calculation based on defense counsel's need to (a) review discovery, (b) conduct additional investigation, (c) draft and file necessary motions, (d) meet with Mr. Bravo, and (e) prepare for trial.

**(8)** Additionally, counsel's request for a continuance satisfies the criteria in 18 U.S.C. § 3161(h)(7). The ends of justice served by continuing the trial and excluding 120 days outweigh the best interest of the public and the defendant.

**(9)** As for the *West* factors, counsel has diligently prepared for trial by reviewing the discovery and communicating with his client. If the Court grants a 120-day continuance, defense counsel will have time to review all discovery, conduct investigation, and participate in more meaningful attorney-client communication. The government has not asserted that the continuance would cause undue inconvenience and, in fact, it does not oppose the continuance. And finally, a denial of the continuance would deprive Mr. Bravo of the effective assistance of counsel.

//

//

//

//

//

//

//

//

//

//

## **CONCLUSION**

Wherefore, Mr. Bravo respectfully requests this Court for an Order excluding an additional 120 days from the Speedy Trial Act clock, vacating the current trial dates, and continuing the other filing and disclosure deadlines 120 days from the current deadlines.

                                        Respectfully submitted,

                                        VIRGINIA L. GRADY
                                        Federal Public Defender

                                        s/ Jared Scott Westbroek
                                        JARED SCOTT WESTBROEK
                                        Assistant Federal Public Defender
                                        633 17th Street, Suite 1000
                                        Denver, CO  80202
                                        Telephone:  (303) 294-7002
                                        FAX:  (303) 294-1192
                                        Email:  jared_westbroek@fd.org
                                        Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2021, I electronically filed the foregoing **UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Brian Dunn, AUSA
    Email: Brian.Dunn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Jerome Bravo  (Via U.S. Mail)

                                            s/ Jared Scott Westbroek
                                            JARED SCOTT WESTBROEK
                                            Assistant Federal Public Defender
                                            633 17th Street, Suite 1000
                                            Denver, CO  80202
                                            Telephone:  (303) 294-7002
                                            FAX:  (303) 294-1192
                                            Email:  jared_westbroek@fd.org
                                            Attorney for Defendant