IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

JEROME BRAVO,

    Defendant.

Criminal: 1:21-CR-226 (DDD)

**UNOPPOSED MOTION TO EXCLUDE AN ADDITIONAL SIXTY DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE**

Defendant Jerome Bravo, through undersigned counsel and unopposed by the government, moves this Court to vacate the current trial date of April 11, 2022, exclude sixty days under the Speedy Trial Act, and continue disclosure and motions filing deadlines for sixty days from the current deadlines. In support, counsel states:

## INTRODUCTION

**(1)** Mr. Bravo is charged with violating 18 U.S.C. §1951, Count 1, violating 18 U.S.C. §924(c), Counts 2, 5, and 10, violating 18 U.S.C. §2113, Counts 4, 6 through 9, and 11 through 14, and violating 18 U.S.C. §922(g)(1), Count 15. Docket Entry Number ("DE") 15.

**(2)** The government provided undersigned with discovery on July 22, 2021, July 30, 2021, and October 21, 2021. Defense counsel has reviewed that discovery, but has not been able to conduct necessary investigation, and is in current plea negotiations with the government.

**(3)** Mr. Bravo previously moved for a continuance on July 29, 2021, and November 30, 2021. DE 26; DE 29. The Court granted those motions. DE 28; DE 30.

**(4)** Mr. Bravo is currently detained. DE 13.

**(5)** The parties have conferred, and the government does not oppose this motion.

## LAW

**(6)** This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." § 3161(h)(7)(B)(i). In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.

**(7)** In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

**(8)** This Court should exclude sixty days from the speedy trial calculation based on defense counsel's need to (a) conduct additional investigation, (b) draft and file necessary motions, (c) meet with Mr. Bravo, (d) continue negations with the government regarding a potential resolution of the case, and (e) prepare for trial, if necessary.

**(9)** Additionally, counsel's request for a continuance satisfies the criteria in § 3161(h)(7). The ends of justice served by continuing the trial and excluding Sixty days outweigh the best interest of the public and the defendant.

**(10)** As for the *West* factors, counsel has diligently prepared for trial by reviewing the discovery and communicating with his client. If the Court grants a sixty-day continuance, defense counsel will have time to conduct necessary investigation, continue negotiations with the government regarding a potential resolution, and participate in more meaningful attorney-client communication. The government has not asserted that the continuance would cause undue inconvenience, and, in fact, it does not oppose the continuance. And finally, a denial of the continuance would deprive Mr. Bravo of the effective assistance of counsel.

## CONCLUSION

Wherefore, Mr. Bravo respectfully requests this Court for an Order excluding an additional Sixty days from the Speedy Trial Act clock, vacating the current trial dates, and continuing the other filing and disclosure deadlines Sixty days from the current deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, I electronically filed the foregoing **UNOPPOSED MOTION TO EXCLUDE AN ADDITIONAL SIXTY DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Brian Michael Dunn, AUSA
Email: brian.dunn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jerome Bravo (Via U.S. Mail)

s/ Jared Scott Westbroek
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Defendant