IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00226-DDD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JEROME BRAVO**, and
2. JONATHAN GULLETTE

    Defendants.

---

## UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE

---

Defendant Jerome Bravo, through undersigned counsel, and unopposed by the government, hereby moves this Court to vacate the current trial date of May 23, 2022, exclude 120 days under the Speedy Trial Act, and continue disclosure and motions filing deadlines for 120 days from the current deadlines. In support thereof, counsel states as follows:

### PROCEDURAL HISTORY

1. On July 15, 2021, Mr. Bravo was charged in a 15-count Indictment with multiple counts of armed bank robbery, in violation of 18 U.S.C. §§2113(a), 2113(d) and (2), as well as multiple counts of brandishing a firearm, in violation of 18 U.S.C. §922(c)(1)(A)(ii). (Doc. 24). Mr. Bravo has been arrested and ordered detained pending these proceedings. (Doc. 9).

2. Currently, a jury trial is set for May 23, 2022 and motions are due on April 20, 2022. (Doc. 32).

3. Prior appointed counsel was relieved as counsel-of-record on March 23, 2022, and undersigned counsel entered her appearance as newly-appointed counsel on that same date. Undersigned

counsel is in the process of receiving from the government the substantial discovery in the case.

## LAW REGARDING REQUESTS FOR CONTINUANCES

4. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

5. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

**ARGUMENT**

6. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

7. The ends of justice served by this requested delay outweighs the best interest of the public and the defendant. Proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation. Counsel for Mr. Bravo has not yet received the full discovery in the case, and once discovery is received, counsel will need time to review the extensive discovery with Mr. Bravo, who is in custody. Only after that review can counsel fully analyze the case, advise Mr. Bravo as to his options, and prepare for motions and trial.

8. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

9. First, counsel has been diligent in its work on this case and in the timeliness of this request. Counsel has reviewed the case file, has spoken with prior defense counsel and with Mr. Bravo in advance of receiving discovery, and has shown diligence in this request by making it well before the expiration of the speedy trial clock and prior to the motions filing deadline of April 20, 2022.

10. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 120 additional days from the requirements of the Speedy Trial Act will allow defense counsel the time to receive and fully review the discovery, and also evaluate that discovery for potential pre-trial motion issues and the need for further investigation. This type of thorough evaluation is necessary to advise Mr. Bravo as to his options and potential strategies for his defense. This 120-day continuance would allow defense counsel time to review all discovery, evaluate the need for experts, and complete investigation, all of which are necessary to providing Mr. Bravo with full and effective assistance of counsel.

11. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Brian Michael Dunn has indicated that he does not oppose this motion, and has no known issues with witness availability or scheduling.

12.     The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Bravo's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Bravo respectfully requests this Court for an Order excluding an additional 120 days from the Speedy Trial Act clock, vacating the current trial dates, and continuing the other filing and disclosure deadlines 120 days from the current deadlines.

DATED at Boulder, Colorado this April 7, 2022.

*s/Nancy Kardon*
Nancy Kardon, Esq.
Kardon Law, Inc.
4770 Baseline Rd, Suite 200
Boulder CO 80303
nkardon@kardonlaw.com
(310) 902-7837
Attorney for Defendant Jerome Bravo

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2022, I filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all authorized parties to this action. In addition, I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Jerome Bravo

s/*Nancy Kardon*
Nancy Kardon