IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00226-DDD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JEROME BRAVO

    Defendants.

## JOINT STATUS REPORT

The undersigned, Assistant United States Attorney Brian Dunn, and counsel for Jerome Bravo, Nancy Kardon, Esq., submit the following joint status report pursuant to Court Order. [Dkt. 48].

1.    On July 14, 2021, the defendant appeared in Court for his initial appearance and was arranged on the original indictment. [Dkt. 19].

2.    On July 29, 2021, the defendant filed a 120-day motion for ends of justice continuance [Dkt. 26], which was granted on September 7, 2021. [Dkt. 28]. Fifteen (15) days of speedy had run.

3.    On November 30, 2021, the defendant filed a 120-day motion for ends of justice continuance [Dkt. 29], which was granted on December 21, 2021. [Dkt. 30].

4.    On February 11, 2022, the defendant filed a 60-day motion for ends of justice continuance [Dkt. 31], which was granted on March 1, 2022. [Dkt. 32].

5.      On April 7, 2022, the defendant filed a 120-day motion for ends of justice continuance [Dkt. 41], which was granted on April 13, 2022. [Dkt. 42]. That order specifies that April 13, 2022 through August 11, 2022 was excluded. [*Id.*].

6.      As only 15 days of the 70-day statutory period have elapsed thus far, there are 55 days remaining for speedy trial beginning August 11, 2022,. Accordingly, speedy trial expires on October 5, 2022.

7.      On July 20, 2022, the grand jury returned a Superseding Indictment that includes eight additional charges.  [Dkt. 43].  The defendant's initial appearance on the Superseding Indictment is scheduled for August 3, 2022. [Dkt. 45].

8.      All of the additional charges are inclusive of conduct already charged in the original Indictment, and are properly joined.  Therefore, the speedy trial clock is not reset with respect to the additional charges. [1]  Accordingly, the parties

---

[1]      *See, e.g., United States v. Novak*, 715 F.2d 810, 819 (3d Cir.1983) ("[W]henever the court determines from the face of the indictment that a superseding indictment charges an offense that is the same as, or required to be joined with, an offense charged in the original indictment within the meaning of subsection (h)(6) and the Double Jeopardy Clause, trial on that offense must commence within the time limitation for trial applicable to the original indictment"); *United States v. Thomas,* 788 F.2d 1250, 1258 (7th Cir.1986) ("The superseding indictment does not affect the running of the time on the three charges that were in the original indictment as well as the superseding indictment."); *United States v. Roman,* 822 F.2d 261, 263–64 (2d Cir.1987) ("We can see no logical reason to apply a different rule to a superseding indictment simply because it is filed sooner, while the first indictment is still pending."); *United States v. Long*, 900 F.2d 1270, 1275 n. 4 (8th Cir.1990) ("Because the Act does not re-start the 70 day clock when an indictment is dismissed and a second returned, but merely tolls the time between dismissal of the first and arraignment on the second, 18 U.S.C. § 3161(d)(1), it would make no sense to re-start the clock upon the return of a superseding indictment without dismissal of the first."); *United States v. Marshall*, 935 F.2d 1298, 1302 (D.C.Cir.1991) ("As a general rule, the filing of a superseding indictment does not affect the speedy trial timetable for offenses either charged in the original indictment or required under double jeopardy principles to be joined with such charges."); *United States v. Gonzales*, 897 F.2d 1312, 1316 (5th Cir.1990) ("The filing of a superseding indictment does not affect the speedy-trial

believe the speedy trial date for all charges of the Superseding indictment is October 5, 2022.

9. The defendant intends to file an unopposed motion for a 60-day ends of justice continuance shortly. The reasons for a continuance will be contained in that filing.

> Respectfully submitted this 29th day of July, 2022.
>
> COLE FINEGAN
> UNITED STATES ATTORNEY
>
> By: *s/Brian Dunn*
> Brian Dunn
> Assistant United States Attorney
> United States Attorney's Office
> 1801 California St., Ste. 1600
> Denver, CO 80202
> Telephone: (303) 454-0100
> Fax: (303) 454-0406
> E-mail: Brian.Dunn@usdoj.gov
> Attorney for the Government
>
> By: *s/Nancy Kardon*
> Nancy Kardon, Esquire
> Attorney for Jerome Bravo
> p. 310 902 7837
> f. 310 921 5615
> 4770 Baseline Road, Suite 200
> Boulder, CO 80303

---

clock for offenses charged in the original indictment or any offense required under double jeopardy principles to be joined with the original offenses."); *United States v. Daychild*, 357 F.3d 1082, 1091 n. 10 (9th Cir.2004) ("The clock's start time in this case is unaffected by the superseding indictments."); *see also United States v. Rojas–Contreras*, 474 U.S. 231, 239, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985) (Blackmun, J., concurring) ("[I]t would make little sense to restart both the 30–day and 70–day periods whenever there is a superseding indictment.").

3

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of July, 2022, I electronically filed the foregoing **JOINT STATUS REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/Deana Ambrosen*
Deana Ambrosen
Legal Assistant
U.S. Attorney's Office

4