IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:21-cr-00226-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**JEROME BRAVO (1)**; and
JONATHAN GULLETTE (2),

    Defendants.

## ORDER GRANTING UNOPPOSED
## FIFTH MOTION TO CONTINUE

Defendant Jerome Bravo moves to vacate the current trial date, continue all pretrial deadlines by sixty days, and exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act. (Doc. 51.) For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting that continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the defendant's motion is granted.

### PROCEDURAL HISTORY

On April 13, 2021, a criminal complaint was filed as to Defendant Jerome Bravo. (Doc. 1.) On July 2, 2021, Mr. Bravo was arrested and had his initial appearance in this Court. (Doc. 9.) On July 13, 2021, Mr. Bravo was indicted on fifteen counts relating to armed bank robbery. (Doc. 15.) On July 14, 2021, he entered a plea of not guilty at his arraignment. (Doc. 19.) On July 15, 2021, the Indictment was made

- 1 -

public as to Mr. Bravo, making September 23, 2021 the deadline for his trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). That same day, I entered an order setting trial to commence on September 20, 2021. (Doc. 25.)

I have previously granted four motions to continue the trial date and exclude Speedy Trial Act time in this case. (Docs. 28, 30, 32, 42.) The Speedy Trial Act clock is currently tolled until August 11, 2022, and trial is set to commence on September 19, 2022. (Doc. 42.) On March 23, 2022, Mr. Bravo's Federal Public Defender was permitted to withdraw from his representation. (Doc. 36.) Replacement counsel was appointed and entered her appearance the same day. (*Id.*; Doc. 39.) On July 20, 2022, the grand jury returned a Superseding Indictment that adds eight new counts against Mr. Bravo. (Doc. 43.) The parties agree that there are fifty-five days remaining on Mr. Bravo's Speedy Trial Act clock. (Doc. 50 ¶ 6.)

On July 31, 2022, Mr. Bravo filed the motion to continue currently at issue, requesting that an additional sixty days be excluded from his Speedy Trial Act time. (Doc. 51.) The government does not oppose the requested continuance. (*Id.* at 1, 4 ¶ 13.)

## APPLICABLE LAW

When evaluating a request to continue a trial, I consider the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th

Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, I may exclude from the statutory time period within which a defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [my] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, I must set forth in the record my reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for

> effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendant Bravo requests a continuance for the following reasons: (1) counsel requires more time to review the over 16,000 pages of discovery produced by the government to date, some within the last two weeks since the filing of the Superseding Indictment, as well as additional discovery the government is still in the process of producing; (2) counsel requires more time to evaluate potential pretrial motion issues after reviewing the voluminous discovery; and (3) counsel requires more time to confer with Mr. Bravo and advise him regarding his options and potential defense strategies. (Doc. 51 ¶¶ 5, 8-14.)

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that Mr. Bravo and his counsel have not been diligent in preparing for trial. It also appears likely that the continuance, if granted, would accomplish the stated purpose of allowing adequate time to receive and review discovery, advise Mr. Bravo regarding his case, and file appropriate pretrial motions if necessary. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And Mr. Bravo might be significantly prejudiced if the continuance is denied, as he may be unable to effectively prepare for trial without adequate time to review all the discovery relevant to the case.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a

speedy trial. It is in Mr. Bravo's best interest to have sufficient time to complete necessary pretrial tasks and have informed discussions with his attorney regarding his case. Without the requested continuance, the defense will be unable to effectively file appropriate motions and prepare the case for trial. An additional limited ends-of-justice continuance will not subvert the public's or the defendant's interest in the prompt prosecution of this case.

## CONCLUSION

Accordingly, based on the relevant record considered as a whole, I FIND that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for Defendant Bravo the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Sixty days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[1] it is ORDERED that:

Defendant Jerome Bravo's Unopposed Motion to Exclude 60 Days from the Speedy Trial Calculation and Continue Motions Filing Deadline (Doc. 51) is GRANTED;

Sixty days, from August 11, 2022 to October 10, 2022, will be excluded from the computation of the Speedy Trial Act time;

The five-day jury trial set for September 19, 2022 at 9:00 a.m. is VACATED, and a **ten-day jury trial** is SET to commence at **9:00 a.m.** on **November 28, 2022** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

The Trial Preparation Conference set for September 15, 2022 at 1:30 p.m. is VACATED and RESET to **10:30 a.m.** on **November 22, 2022** in Courtroom A1002; and

The pretrial motions deadline is extended to **October 17, 2022**, responses to those motions must be filed no later than **October 24, 2022**, and no replies are permitted without prior leave of the Court. The deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing witness and

---

[1] As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by the government's counsel.

exhibit lists, and filing proposed *voir dire* questions remain as stated in the Order Setting Trial Date and Related Deadlines (Doc. 25).

DATED: August 3, 2022   BY THE COURT:

_____
Daniel D. Domenico
United States District Judge