IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00226-DDD-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. **JEROME BRAVO**,
2. JONATHAN GULLETTE,

        Defendants.

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AND SPECIFIC ASSETS

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. R. 32.2(b), and incorporating the Plea Agreement entered into with defendant Jerome Bravo, and moves this Court to enter a Preliminary Order of Forfeiture and Forfeiture Money Judgment in this case forfeiting to the United States the defendant's interest in the following:

    a. A money judgment in the amount of $127,738.00;

    b. A Glock 17 9mm handgun, bearing serial number NLD266, seized by authorities from the defendant's car on April 12, 2021;

    c. A .380 caliber Smith & Wesson Bodyguard handgun with a red trigger, bearing serial number EAP19AG, seized by authorities from

1

> the defendant's residence on or about April 12, 2021;
>
> d. Any and all ammunition associated with the firearms referenced above, seized by law enforcement between the dates of April 12, 2021 and April 15, 2021; and
>
> e. A 9mm semi-automatic handgun with no serial number and ammunition, seized by law enforcement on July 21, 2021,

and directing the United States, or its designated sub-custodian to seize the property subject to forfeiture, and to publish notice of the forfeiture. In support, the United States states:

## A. <u>Background</u>

1. On July 20, 2022, the grand jury charged defendant Jerome Bravo by Superseding Indictment with: Conspiracy in Count One, in violation of 18 U.S.C. § 371; Robbery and Aiding and Abetting the Same in Counts Two, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, and Twenty-One, in violation of 18 U.S.C. §§ 2113(d) and 2; Brandishing a Firearm in Furtherance of a Crime of Violence in Counts Three, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, and Twenty-Two, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Felon in Possession of a Firearm and Ammunition in Count Twenty-Three, in violation of 18 U.S.C. § 922(g)(1). (Doc. 43 at 1-13).

2. In the Superseding Indictment, the United States sought forfeiture from defendant Jerome Bravo of the following property, pursuant to 18 U.S.C. §§ 981(a)(1)(C), and 924(d), and 28 U.S.C. § 2461(c):

> a. A money judgment in the amount of proceeds obtained by the defendant,

> which will be credited with any net proceeds obtained from judicially forfeited assets;
>
> b. All firearms and ammunition involved in the commission of the offense, including, but not limited to:
>
>> i. A .380 caliber Smith & Wesson Bodyguard handgun with a red trigger, bearing serial number EAP19AG;
>>
>> ii. A Glock 17 9mm, bearing serial number NLD266; and
>>
>> iii. All ammunition seized by law enforcement between the dates of April 12, 2021 and April 15, 2021.

(Doc. 43 at 13-14).

3. On November 22, 2022, the United States and defendant Jerome Bravo entered into a Plea Agreement. (Doc. 81). The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to the following Counts in the Superseding Indictment: Counts Two, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen and Twenty-One, Bank Robbery and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 2113(d) and 2; and Counts Three, Six and Eight, Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), respectively and further agreed to forfeit the above-described property to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 924(d), and 28 U.S.C. § 2461(c). (Doc. 81 at 1).

B. **Legal Argument**

As set forth in the Plea Agreement, the evidence establishes that the requisite nexus exists between the property subject to forfeiture and the offenses to which

defendant Jerome Bravo has pleaded guilty. Specifically, on January 6, 2021, defendant Jerome Bravo and co-defendant robbed Keybank at 10502 East Arizona Place, Denver, CO. The defendant used a functional semi-automatic handgun to complete this robbery and the two defendants stole $30,536.

On February 4, 2021, defendant and his codefendant robbed the BBVA Compass Bank at 800 North Broadway, CO. The defendant was armed with a functional semi-automatic handgun to complete this robbery. The two defendants stole $7,605.96.

On February 8, 2021, the defendant and codefendant robbed the KeyBank at 12101 East Dartmouth Avenue. The defendant was armed with a functional semi-automatic handgun to complete this robbery. The two defendants stole $210.

On February 8, 2021, the defendant and his associate robbed the KeyBank at 16796 East Smoky Hill Road. The defendant and codefendant ran into the bank brandishing handguns. The two defendants stole $6,346.

On February 9, 2021, the defendant and codefendant robbed the BBVA Compass Bank at 8101 East Belleview Avenue, Denver, CO. The defendant and codefendant entered the bank brandishing handguns and demanding money. The two defendants stole $14,949.

On February 18, 2021, the defendant and codefendant robbed the FirstBank at 1316 East Evans Avenue, Denver, CO. The defendant and codefendant entered the bank brandishing handguns, yelling "get down" and warned that they weren't "playing." The defendant used a functional semi-automatic handgun with an

extended magazine and a red trigger to complete this robbery. The two defendants stole $17,992.

On March 1, 2021, the defendant and codefendant robbed the KeyBank at 6405 East Hampden Avenue, Denver, CO. The defendant and codefendant entered the branch, brandishing handguns. The defendants stole $10,973.

On March 17, 2021, the defendant and codefendant robbed the FirstBank at 8901 East Hampden Avenue, Denver, CO. The defendant and codefendant entered the branch, brandishing handguns. The codefendants stole $15,412.

On March 31, 2021, the defendant and codefendant robbed the KeyBank at 3410 East 1st Avenue, Denver, CO. The defendant, codefendant, and an unindicted third person entered the branch brandishing handguns. The defendant, codefendant, and unindicted third person stole $6,022.

On March 31, 2021, the defendant, codefendant, and unindicted third person robbed the BBVA Compass Bank at 8008 North Yarrow Street, Arvada, CO. The defendant, codefendant, and an unindicted third person entered the bank brandishing handguns. The robbers stole $17,693.50. (Doc. 14, at 8-14).

**Firearm and Ammunition**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of any firearm or ammunition involved in or used in any knowing violation of any criminal law of the United States, including violations of 18 U.S.C. §§ 2113(d). As set forth in the plea agreement, the defendant and his co-defendants used the above-identified firearms and ammunition in the commission of the offense.

5

Accordingly, the defendant's interest in the subject firearms and ammunition is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

### 2. Forfeiture Money Judgment

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. §§ 2113(d). When a personal money judgment is sought, "the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on a plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

As set forth in the plea, defendant Jerome Bravo and his co-defendants obtained $127,738.00, as a result of the offenses and the related underlying violations. (Doc. 81 at 1-5). Therefore, a Forfeiture Money Judgment in the amount of $127,738.00 should be entered against the defendant, with credit for any payments received by co-defendants.

Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A). It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture. In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Personal Money Judgment and Specific Assets tendered herewith, for the reasons set forth above.

DATED this 16th day of February 2023.

> Respectfully submitted,
>
> COLE FINEGAN
> United States Attorney
>
> By:   s/ *Tonya S. Andrews*
>       Tonya S. Andrews
>       Assistant U.S. Attorney
>       U.S. Attorney's Office
>       1801 California Street, Suite 1600
>       Denver, Colorado 80202
>       Telephone: (303) 454-0100
>       E-mail: Tonya.Andrews@usdoj.gov
>       *Attorney for the United States*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/ Charisha Cruz
Paralegal Specialist
Office of the U.S. Attorney

8