IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00226-DDD-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. **JEROME BRAVO,**
2. JONATHAN GULLETTE,

        Defendants.

**PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AND SPECIFIC ASSETS**

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture for a Personal Money Judgment and Specific Assets against Defendant Jerome Bravo pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 924(d), 28 U.S.C. § 2461(c), and Fed. R. Crim. R. 32.2(b). The Court having read said Motion and being fully advised in the premises finds:

On July 20, 2022, the grand jury charged defendant Jerome Bravo by Superseding Indictment with: Conspiracy in Count One, in violation of 18 U.S.C. § 371; Robbery and Aiding and Abetting the Same in Counts Two, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, and Twenty-One, in violation of 18 U.S.C. §§ 2113(d) and 2; Brandishing a Firearm in Furtherance of a Crime of Violence in Counts Three, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, and Twenty-Two, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Felon in

Possession of a Firearm and Ammunition in Count Twenty-Three, in violation of 18 U.S.C. § 922(g)(1).  The Superseding Indictment also sought forfeiture of All firearms and ammunition involved in the commission of the offense, including, but not limited to: a .380 caliber Smith & Wesson Bodyguard handgun with a red trigger, bearing serial number EAP19AG; a Glock 17 9mm, bearing serial number NLD266; and all ammunition seized by law enforcement between the dates of April 12, 2021 and April 15, 2021 pursuant to 18 U.S.C. § 924(d).  The Indictment also sought forfeiture in the form of a personal money judgment against defendant Jerome Bravo, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the amount of proceeds obtained by the defendant. (Doc. 43).

On November 22, 2022, the United States and defendant Jerome Bravo entered into a Plea Agreement, which provided that defendant would plead guilty to Counts Two, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen and Twenty-One, Bank Robbery and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 2113(d) and 2; and Counts Three, Six and Eight, Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Counts One and Two.  It also contained a factual basis and cause to forfeit the subject firearm and ammunition under 18 U.S.C. § 924(d), and issue a personal money judgment under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (Doc. 81).

THEREFORE, IT IS ORDERED, DECREED AND ADJUDGED:

THAT a Preliminary Order of Forfeiture for a Personal Money Judgment against defendant Jerome Bravo in the amount of $127,738.00 shall be entered in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Forfeiture Money Judgment shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment;

THAT all firearms and ammunition involved in the commission of the offense, including, but not limited to: a .380 caliber Smith & Wesson Bodyguard handgun with a red trigger, bearing serial number EAP19AG; a Glock 17 9mm, bearing serial number NLD266; and all ammunition seized by law enforcement between the dates of April 12, 2021 and April 15, 2021 shall be forfeited to the United States in accordance with 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c);

THAT this Preliminary Order of Forfeiture may be amended pursuant to Fed. R. Crim. P. 32.2(e)(1).

SO ORDERED this _____ day of _____, 2023.

BY THE COURT:

_____
DANIEL D. DOMENICO
United States District Judge